# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS A. WILLIAMS,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br>JO ANN B. BARNHART, Commissioner of Social Security,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 06CV1426 WQH (NLS)<br><br>ORDER ADOPTING REPORT & RECOMMENDATION IN ITS ENTIRETY |

HAYES, Judge:

Pending before the Court is the Report and Recommendation of Magistrate Judge Nita L. Stormes, recommending that the Court deny Plaintiff's motion for summary judgment, and grant Defendant's motion for summary judgment. (Doc. # 19).

## BACKGROUND

On February 25, 2004, Plaintiff applied to the Commissioner of Social Security for Social Security Disability Benefits. Administrative Record (AR) at 56. Plaintiff's application for benefits listed Plaintiff's medical impairments as osteoarthritis of the knees, shoulder pain, arthritis, diabetes, lower back pain, obesity, and difficulty breathing, among other things. AR at 74, 85-86. Plaintiff alleged onset of disability as of June 15, 2003. AR at 55.

The Social Security Administration denied Plaintiff's application for social security benefits initially and on reconsideration. AR at 22, 23. Thereafter, on December 9, 2004, Plaintiff requested

1  a hearing before an Administrative Law Judge (ALJ).  AR at 36.  On October 25, 2005, the ALJ
2  denied Plaintiff's application for benefits in a written decision.  AR at 15-21.  Plaintiff appealed to the
3  Appeals Council, and on May 26, 2006, the Appeals Council affirmed the ALJ's decision.  AR at 3.
4        On July 13, 2006, Plaintiff filed the present action challenging the ALJ's decision to deny
5  benefits.  (Doc. # 1).  On September 5, 2007, and after the parties filed cross-motions for summary
6  judgment, Magistrate Judge Nita L. Stormes issued a Report and Recommendation recommending that
7  this Court deny Plaintiff's motion for summary judgment, and grant Defendant's motion for summary
8  judgment.  (Doc. # 19).  The Magistrate Judge concluded that the ALJ adequately considered
9  Plaintiff's obesity, properly discounted the opinion of Plaintiff's treating orthopedic surgeon Dr. Gene
10 Dossett, and properly discounted Plaintiff's own testimony for lack of credibility.  (Doc. # 19 at 9-18).
11       On September 18, 2007, Plaintiff filed objections to the Report and Recommendation.  (Doc.
12 # 20).  Plaintiff contends that the Magistrate Judge incorrectly concluded that the ALJ adequately
13 considered evidence of Plaintiff's obesity.  (Doc. # 20 at 1-2).  Plaintiff also contends that the
14 Magistrate Judge incorrectly concluded that the ALJ provided specific and legitimate reasons for
15 discounting the opinion of Dr. Dossett.  (Doc. # 20 at 3-4).

16 **STANDARD OF REVIEW**

17       The duties of the district court in connection with the Report and Recommendation of a
18 Magistrate Judge are set forth in FED. R. CIV. P. 72(b) and 28 U.S.C. § 636(b).  The district judge
19 "must make a de novo determination of those portions of the report . . . to which objection is made,"
20 and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the
21 magistrate."  28 U.S.C. § 636(b).  The district court need not review de novo those portions of a
22 Report and Recommendation to which neither party objects.  *Wang v. Masaitis*, 416 F.3d 992, 1000
23 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).
24       The ALJ's decision denying benefits "will be disturbed only if that decision is not supported
25 by substantial evidence or it is based upon legal error."  *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.
26 1999).  "Substantial evidence is more than a mere scintilla but less than a preponderance."  *Id*.
27 /
28 /

**DISCUSSION**

Plaintiff objects to the Report and Recommendation on two grounds. (Doc. # 20). First, Plaintiff asserts that the ALJ failed to adequately consider Plaintiff's obesity in determining whether Plaintiff could perform her past relevant work. Plaintiff contends that the Report and Recommendation incorrectly found that the ALJ adequately considered Plaintiff's obesity. Second, Plaintiff asserts that the ALJ improperly discounted the opinion of Plaintiff's treating orthopedic surgeon, Dr. Gene Dossett. Plaintiff contends that the ALJ did not give specific and legitimate reasons for discounting the opinion, and challenges the Report and Recommendation's conclusion that the ALJ did articulate specific and legitimate reasons.

**I. Whether the ALJ Adequately Considered Plaintiff's Obesity?**

As noted in the Report and Recommendation, the Administrative Record contains numerous references to and evidence of Plaintiff's obesity. (Doc. # 19 at 10). Plaintiff contends, however, that the ALJ failed to "adequately" consider the evidence of Plaintiff's obesity in evaluating Plaintiff's residual functional capacity and Plaintiff's ability to do sustained work activities in an ordinary work setting. (Doc. # 20 at 3).

The ALJ specifically referred to Plaintiff's obesity throughout his decision, noting that Drs. Dorsey and Young diagnosed "morbid obesity," and that Dr. Young "recommended weight loss." AR at 17-18. With respect to Plaintiff's residual functioning capacity, the ALJ cited 20 C.F.R. § 404.1529 for the proposition that an ALJ has to consider all of a plaintiff's symptoms and the extent to which the symptoms are reliable in the context of the medical evidence, and then noted that,

> I have also carefully considered the claimant's obesity in accordance with Social Security Ruling 02-1p, and note that the claimant testified that she lost 15 pounds. I find no specific or quantifiable impact on pulmonary, musculoskeletal, or cardiac functioning. I do find that in a general way, the claimant's obesity affects her endurance.

AR at 19. After considering Plaintiff's obesity and other evidence, the ALJ determined that Plaintiff could perform her past relevant work, and was therefore not eligible for disability benefits. AR at 20.

Though it is true that the ALJ did not find that Plaintiff's obesity was a "severe" impairment, it is evident that the ALJ adequately considered Plaintiff's obesity in determining that Plaintiff could perform her past relevant work. Indeed, the ALJ cited to the Administrative Record when discussing

the morbid obesity diagnoses of Drs. Young and Dorsey, and specifically found that Plaintiff's obesity did not have a specific impact on Plaintiff's critical functioning. In light of these findings, and after reviewing the ALJ's decision and the Administrative Record de novo, the Court finds that the Magistrate Judge correctly concluded that the ALJ adequately considered Plaintiff's obesity, particularly in determining whether Plaintiff could perform her past relevant work. The ALJ's decision with respect to whether Plaintiff could perform her past relevant work is supported by substantial evidence.

**II. Whether the ALJ Provided Specific and Legitimate Reasons for Discounting the Opinion of Treating Orthopedic Surgeon Dr. Gene Dossett?**

On February 24, 2005, Plaintiff's treating orthopedic surgeon, Dr. Gene Dossett, completed a "Physical Residual Functional Capacity Questionnaire" at the request of Plaintiff's attorney. AR at 252-255. Therein, Dossett diagnosed Plaintiff with "Lumbar Spine Degenerative," among other ailments, and noted that Plaintiff could sit for about four hours, and stand or walk for about two hours, in a standard eight-hour working day. AR at 254. Relying on objective evidence and the opinions of other non-treating physicians, however, the ALJ ultimately concluded that Plaintiff could "stand/walk for two hours or sit for six hours cumulatively in an eight-hour workday." AR at 20.

Plaintiff contends that the ALJ improperly discounted Dossett's opinion in favor of the opinion of other non-treating doctors, and objects to the Report and Recommendation's conclusion that the ALJ gave specific and legitimate reasons for discounting Dossett's opinions. In its cross-motion for summary judgment, Defendant argued, and the Magistrate Judge agreed, that the ALJ gave specific and legitimate reasons for discounting Dr. Dossett's opinion with respect to Plaintiff's ability to stand, walk, and sit in an eight-hour workday.

The ALJ's decision cited Dossett's treating opinion that Plaintiff was only able to sit for four hours per day, but specifically found that the opinion with respect to the "sitting limitations" was not supported by objective medical evidence. AR at 18. Specifically, the ALJ found that there was no evidence of a "lumbrosacral spine abnormality to support the sitting limitations." AR at 18. Plaintiff contends that there is evidence of a lumbrosacral spine abnormality, and cites to a x-ray taken by Dr. Dorsey. (Doc. # 20 at 3); *see also* AR at 104. However, while it is true that the Dorsey x-ray indicated some lumbar spine damage, Dorsey concluded that the x-ray permitted Plaintiff to sit for six

1  hours and stand/walk for two hours in an eight-hour workday.  There is no evidence, on the other
2  hand, that Dr. Dossett relied on or viewed the Dorsey x-ray in support of his more restrictive sitting
3  limitations, and Dossett did not provide other objective medical evidence to support his diagnosed
4  limitations.  As noted by the Court of Appeals for the Ninth Circuit, "[t]he ALJ need not accept the
5  opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by
6  clinical findings."  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

7  After reviewing the ALJ's decision and the Administrative Record de novo, the Court finds
8  that the Magistrate Judge correctly concluded that the ALJ gave specific and legitimate reasons for
9  discounting the opinion of Dr. Dossett with respect to Plaintiff's sitting limitations.  The record does
10 not reveal objective evidence consistent with Dossett's sitting limitations diagnosis, and Dr. Doren
11 specifically noted as much at Plaintiff's hearing.  *See* AR at 273-76.  In addition, the Magistrate Judge
12 correctly noted that Dossett never treated Plaintiff for back or lumbar spine ailments, and instead, only
13 treated Plaintiff's knee.

**CONCLUSION**

15 After reviewing de novo those portions of the Report and Recommendation to which Plaintiff
16 objected, and after generally reviewing the Report and Recommendation and the ALJ's decision in
17 light of the Administrative Record,  the Court finds that the Magistrate Judge correctly evaluated the
18 facts and applied the controlling law in this case.  Accordingly, it is hereby ordered that:

19 (1) The Report and Recommendation (Doc. # 19) is ADOPTED in its entirety;

20 (2) Plaintiff's motion for summary judgment (Doc. # 12) is DENIED; and

21 (3) Defendant's motion for summary judgment (Doc. # 17) is GRANTED.

22 **IT IS SO ORDERED**.

23 DATED:  September 27, 2007

**WILLIAM Q. HAYES**
United States District Judge